IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

HII MISSION TECHNOLOGIES CORP.,

Plaintiff,

v.

ASIRTEK FEDERAL SERVICES, LLC,

Defendant.

No. 1:24-cv-1885-AJT/IDD

[REDACTED]

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND DISCOVERY**

The Court should deny Defendant ASIRTek Federal Services, LLC's ("Defendant" or "ASIRTek") Motion to Extend the Discovery Period, ECF No. 52. ASIRTek had the entire discovery period to seek information about its allegations [REDACTED] [REDACTED], and had the opportunity to ask every single witness it chose to depose [REDACTED] [REDACTED] A discovery extension therefore will only add cost and delay. Because there is no good cause for ASIRTek's Motion, the Court should deny.

**LEGAL STANDARD**

"A schedule shall not be modified except upon a showing a good cause and by leave of the district judge." *Garrett v. Dotson*, No. 3:19-cv-835, 2023 WL 8539529, at *2 (E.D. Va. Oct. 13, 2023). The good cause standard "primarily concerns the diligence of the [moving] party," *id.*, meaning that if "the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule . . . the good-cause standard will not be satisfied." *Ball v. Takeda Pharm. Am., Inc.*, 963 F. Supp. 2d 497, 509 (E.D. Va. 2013). In addition to the diligence of the

moving party, courts consider other factors including "whether the request to reopen or extend discovery is opposed," "whether the non-moving party would be prejudiced," "the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court," and "the likelihood that the discovery will lead to relevant evidence." *Roncales v. McDowell*, No. 3:19-cv-234, 2021 WL 12126946 at *1 (E.D. Va. Nov. 30, 2021).

**ARGUMENT**

ASIRTek has not carried its burden to establish good cause to extend the Court's scheduling order under Rule 16(b).



*A. ASIRTek does not need additional time to request documents related to*

As the Motion concedes, ECF No. 53 at 3.[1] Even before then, in October 2023, ASIRTek received the email attached as Exhibit D to its Motion. ASIRTek claims ECF No. 53 at 5-6. Although ASIRTek claims

---

[1] Unredacted versions of ASIRTek's Memorandum in Support of its Motion to Extend Discovery and supporting exhibits have not been filed under seal on the docket in this case. Therefore, HII MT is citing to ECF Nos. 53-53.7, the redacted versions of these documents that are available on the docket. HII MT was provided unredacted copies of these filings by email from ASIRTek's counsel. HII MT understands that the Court has been provided the same unredacted copies as a courtesy, per ASIRTek's May 9, 2024 letter to the Clerk of Court providing Chambers Copies.

Consistent with its longstanding belief [REDACTED] ASIRTek's counsel has been pursuing related discovery since the discovery period began. *See* ECF No. 53 at 8. [REDACTED] Regardless whether specific requests called for the production of the documents ASIRTek's Motion apparently is seeking, HII MT has already produced them.

ASIRTek asserts that it needs 45 more days to receive more documents. ECF No. 53 at 9. Yet the Motion [REDACTED] The basis for ASIRTek's request is even harder to understand in light of [REDACTED] *See* Ex. G to ASIRTek Mem., ECF No. 53.7. Simply put, further document discovery would be futile. Not surprisingly, [REDACTED]

Because additional document requests will not lead to any additional relevant evidence, the Court should deny ASIRTek's request for more document discovery. *See Roncales*, 2021 WL 12126946 at *1.

*B. ASIRTek had the opportunity to depose all of its chosen witnesses about Mr. Fodor's communications*

ASIRTek asked every witness it chose to depose [REDACTED] The first email from Mr. Fodor was produced to ASIRTek on April 22, 2025, ***17 days before discovery closed***,


[redacted][2] The Motion [redacted]

When HII MT produced the first version of Mr. Fodor's email on April 22 (Ex. A to ASIRTek Mem., ECF No. 53.1), ASIRTek had, by choice, not yet taken any depositions in the case. ASIRTek deposed HII MT's corporate designee about the email three days later on April 25. ASIRTek took three depositions of current or former HII MT personnel the following week, including two witnesses (Jonathan Michal and Rene Romero) who received that email.

[redacted]

---

[2] Compared with its own dilatory productions, ASIRTek cannot seriously argue that HII MT's productions in this case have been delayed. Indeed, since April 22, 2025, ASIRTek has produced more than 34,000 pages of documents that it should have produced long ago, including numerous custodial productions made *after* HII MT deposed those custodians. In any event, as HII MT explained to ASIRTek, Mr. Fodor's email (Ex. A to ASIRTek Mem., ECF No. 53.1), along with other documents, were produced on April 22 because HII MT needed time to process technical issues related to redactions of hundreds of documents. *See* Ex. G to ASIRTek Mem., ECF No. 53.7. By comparison, ASIRTek produced its *first* redacted documents on May 8, 2025, the day before discovery closed.

[redacted] Tellingly, despite asking four witnesses about Mr. Fodor's email, ASIRTek does not cite a single line of testimony from any of them purporting to support the allegation [redacted] Rather, ASIRTek's sensationalized characterization of Mr. Fodor's email [redacted]

HII MT's corporate designee, John Gerbracht, [redacted] Jonathan Michal, [redacted] Ex. 2, Michal Tr. at 165:10-17; 175:2-5. Rene Romero, [redacted] And finally, Vicky Hilton, [redacted]

[redacted]

*C. ASIRTek was not diligent in seeking Mr. Fodor's deposition*

The Motion claims that additional time is needed to depose Mr. Fodor (and potentially another unidentified witness) about his communications. *See* ECF No. 53 at 9. Had ASIRTek actually wanted to depose Mr. Fodor during the discovery period, it could have. Mr. Fodor is listed in *both parties*' initial disclosures. He verified HII MT's interrogatory responses. He sent ASIRTek an email in October 2023, which is one of the bases for ASIRTek's Motion. And his [redacted] was produced 17 days before the discovery deadline. HII MT even offered Mr. Fodor for a deposition. *See* Ex. G to ASIRTek Mem., ECF No. 53.7. ASIRTek had every opportunity to take his deposition (or any other HII MT witness's deposition) based on his emails and simply chose not to. ASIRTek instead made the strategic choice to reject HII MT's offer to depose Mr. Fodor, unnecessarily increasing the cost of this litigation. [3]

ASIRTek's strategic choice and lack of diligence was also evident during the deposition of Mr. Romero who, other than Mr. Fodor, is perhaps the most knowledgeable witness regarding [redacted] Rather than [redacted], ECF No. 53 at 7, [redacted]

[3] ASIRTek's motion seeks the opportunity to take "two limited depositions . . . including at least Ron Fodor." ECF No. 53 at 9. Before it filed this Motion, ASIRTek's counsel raised the possibility of deposing Regan Anderson. She, too, has been known to ASIRTek for years. She was involved in negotiating the subcontract. She, like Mr. Fodor, is listed in both parties' initial disclosures, and both parties have produced hundreds if not thousands of emails which she authored or received. Notably, however, Ms. Anderson was not a party to the communication which forms the basis of the Motion.

[REDACTED][4] That is the opposite of diligence, and it belies any argument that there is good cause to allow ASIRTek additional time to explore this issue.

In short, ASIRTek was not diligent in pursuing the discovery it now seeks. Rather, ASIRTek made a strategic choice to forego Mr. Fodor's deposition and other depositions during the discovery period and immediately after. ASIRTek should bear the consequences of that choice, not be granted additional time to revisit it. *See Hines v. Mayor & City Council of Baltimore*, No. 22-CV-1243, 2024 WL 640022, at *2 (D. Md. Feb. 15, 2024) (denying motion to extend where moving party had "ample opportunity" to take requested discovery).

## CONCLUSION

ASIRTek has not shown good cause to extend discovery. It had the opportunity during the discovery period to explore [REDACTED] of [REDACTED] [REDACTED] HII MT timely produced the documents on which the Motion is based, and the depositions ASIRTek chose to take [REDACTED] [REDACTED] Granting the Motion would only relieve ASIRTek from its strategic choice and add cost and delay to this case. The Court therefore should deny the Motion.

[4] Mr. Romero's testimony [REDACTED] came during examination by HII MT's counsel.

Dated: May 15, 2025

Respectfully submitted,

/s/ Daniel E. Johnson
Daniel E. Johnson, Va. Bar No. 88696
T. Scott Shelton, *pro hac vice*
Jennifer Bentley, *pro hac vice*
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
Phone: 202-662-5224
Fax: 202-778-5224
Email: dejohnson@cov.com

*Counsel for HII Mission Technologies Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of May, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that I will cause an unredacted hard copy of the foregoing to be hand delivered to the Clerk of Court. I further certify that I will cause true and correct copies of the foregoing to be served upon Defendant ASIRTek Federal Services, LLC via secure file transfer.

Dated: May 15, 2025

Respectfully submitted,

/s/ Daniel E. Johnson

Daniel E. Johnson, Va. Bar No. 88696
T. Scott Shelton, *pro hac vice*
Jennifer Bentley, *pro hac vice*
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
Phone: 202-662-5224
Fax: 202-778-5224
Email: dejohnson@cov.com

*Counsel for HII Mission Technologies Corp.*